**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAREY LYNN CLEMENT | ) | Case No.       05-70261 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| BRUCE E. STRAUSS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 06-4200 |
| | ) | |
| AMERIQUEST MORTGAGE, CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

In this adversary proceeding, the chapter 7 trustee ("Trustee") of the Debtor's bankruptcy estate, Bruce E. Strauss, seeks to avoid Ameriquest Mortgage Co.'s purported interest in the Debtor's real property on two grounds. He contends first that the deed of trust ("DOT") the Debtor granted Ameriquest Mortgage Co. ("Ameriquest") on December 6, 2003, is invalid under the "statute of frauds" because it contains two "contradictory and independently insufficient" descriptions of the Debtor's property, namely, the correct common (street) address and a legal description describing an unrelated parcel of land. Second, the Trustee asserts that any interest the DOT might have conveyed to Ameriquest is avoidable by the Trustee under 11 U.S.C. § 544(a)(3). Not surprisingly, Ameriquest disagrees. It contends that the erroneous legal description does not invalidate the deed because, under Missouri law, any problems with the DOT's validity or the notice it provided were cured when an "Affidavit of Correction" was recorded correcting the legal description to correspond with the street address in the DOT.

For the following reasons, the Court finds that, when taken together with the Affidavit of Correction, the DOT is valid and is sufficient to put the Trustee on constructive notice of

Ameriquest's interest in the Debtors' property, thereby preventing him from avoiding Ameriquest's DOT under § 544.[1]

## BACKGROUND

The parties stipulated to the following facts:

1.    The Debtor, Carey L. Clement, filed for relief under chapter 7 of the Bankruptcy Code on October 14, 2005.

2.    Defendant Ameriquest is a lending institution doing business in the state of Missouri.

3.    On December 6, 2003, the Debtor executed a deed of trust in favor of Ameriquest securing the repayment of an adjustable rate promissory note in the original principal amount of $93,000. The DOT was recorded in the office of the Recorder of Deeds for Jackson County, Missouri, on December 22, 2003.  It contains the correct common (street) address for the property ("Real Property"): 6808 Blue Parkway, Kansas City, Missouri.  But the legal description in the DOT is incorrect; it describes an unrelated parcel of property.

4.    On October 13, 2004, Cathy Boisen, an employee of Northwest Title and Escrow (the title company that closed the loan from Ameriquest to the Debtor) filed with the Jackson County Recorder of Deeds an Affidavit of Correction ("Affidavit") regarding the DOT.  The Affidavit recites that the DOT contained an erroneous legal description and then provides the correct legal description of the Real Property.

5.    The Affidavit was not indexed under the Debtor's name.  Instead, it was indexed under the name of Cathy Boisen, who neither has nor claims any interest in the Real Property.

6.    At all times relevant hereto, the Debtor was the owner of the Real Property by virtue of a Missouri Warranty Deed dated December 19, 2003, and filed on December 22, 2003, as Instrument number 2003K0097859 in the office of the Jackson County Recorder of Deeds.[2]

---

[1] The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

[2] The parties have offered no explanation why the warranty deed was executed _after_ the deed of trust, but the Court will assume for purposes of this proceeding that the Debtor was in fact the owner of the property at all times relevant to the issues now before the Court.  This assumption is warranted because the Debtor is noted as both the grantor and grantee on the warranty deed, indicating that she owned the property prior to its execution.

2

**DISCUSSION**

**A.      The Validity of Ameriquest's  Deed of Trust**

Under Missouri law, a court should not declare a deed – or, in this case, a deed of trust – void for uncertainty of description unless, "after relying upon other extrinsic or external proof, that which was intended by the instrument remains mere matter of conjecture."[3]  Moreover, Missouri courts are reluctant to hold a description insufficient and void unless compelled to do so by its ambiguity and uncertainty.[4]  Quoting McCune Gill, a noted expert on Missouri titles, the Supreme Court of Missouri stated:

> It seems to be beyond the capabilities of the writers of descriptions in deeds, wills and court proceedings to put down accurate descriptions of property, or having put them down to observe the obvious precaution of reading them after they have been put down to correct any errors therein.
>
> But the courts, staffed as they are with sensible and understanding judges, have been most lenient in construing erroneous descriptions. They say that when a man tries to convey something that he owns and possesses he is really trying to convey it and not something that he does not own or possess, that when he tries to convey a building he intends to convey the building wherever it is, that when he makes mistakes or omissions they will be disregarded *if there is enough other description to identify the property, that the parts of the description where he is least likely to make mistakes will govern, and finally that the title will be considered to comply even with the rather exacting requirements of marketability even though the description is mildly erroneous.*[5]

Here, the legal description in Ameriquest's DOT is admittedly more than just mildly erroneous – it describes a completely different parcel of land than the Real Property.  But the street address is sufficient to allow identification of the Real Property with reasonable certainty, and, more importantly, the Affidavit provides "external proof" of the exact parcel of land on which the Debtor intended to grant Ameriquest a deed of trust.

The Trustee argues that the DOT is invalid because the street address, by itself, does not permit identification of the land with sufficient certainty.  The Court does not necessarily agree.

---

[3] *Hamburg Realty Co. v. Woods*, 327 S.W.2d 138, 150 (Mo. 1959) (quoting 26 C.J.S. Deeds § 30).

[4] *See Fincher v. Miles Homes of Missouri, Inc.*, 549 S.W.2d 848, 853-54 (Mo. 1977).

[5] *Id*. at 853-54 (emphasis added).

3

Under Missouri law, the use of a common name in a deed or deed of trust will fail for lack of certainty unless "the realty [is] so generally and commonly known and recognized by that name, that it [can] be identified and delineated readily and without dispute."[6]  In this case, the address in the DOT refers to a property address in an urban area, and such addresses are generally sufficient to identify and delineate realty.[7]  Ultimately, however, the Court does not need to determine whether the street address in the DOT is sufficient to identify the Real Property because Missouri law allows consideration of "extrinsic or external proof" to clarify the description of property intended to be conveyed by an instrument, and in this case, the Affidavit provides that clarification.

## II.    The Avoidability of Ameriquest's Deed of Trust

The Trustee seeks to avoid Ameriquest's purported deed of trust under 11 U.S.C. § 544. Section 544 confers on a trustee, "as of the commencement of a bankruptcy case, without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, and may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . " a judicial lien creditor or "bona fide purchaser of real property," whether or not such a creditor or purchaser exists.[8]  The definition of "bona fide purchaser of real property" is determined by state law.[9]

Under Missouri law, "a bona fide purchaser is one who pays a valuable consideration, has no notice of outstanding rights of others, and who acts in good faith."[10]  A trustee acting pursuant to his powers under §544(a)(3) is presumed to have paid valuable consideration, to have acted in good faith, and to have no actual notice of the outstanding rights of others.[11]  Thus, the only fact

---

[6] *Ahrens v Dodd,* 863 S.W.2d 611, 613-14 (Mo. Ct. App. 1992).

[7] *See also, Ray v. Wooster*, 270 S.W.2d 743, 749-50 (Mo. 1954) (finding that transfer of "acreage 359 more or less" known as "Oak Hill Farm" was sufficient where it was the only land owned by transferor, the farm was well-known in the community as the Oak Hill Farm, and the acreage was accurate).

[8] 11 U.S.C. §544.

[9] *In re Marlar*, 252 B.R. 743, 752 (B.A.P. 8th Cir. 2000).

[10] *Johnson v. Stull*, 303 S.W.2d 110, 118 (Mo. 1957).

[11] *See, e.g., Marlar*, 252 B.R. at 752.

4

generally at issue when a trustee seeks to avoid a transfer under § 544(a)(3) is whether the trustee has constructive notice of the outstanding rights of others.

The Trustee contends that he qualifies as a hypothetical bona fide purchaser of the Debtor's Real Property because neither the defective deed of trust nor the Affidavit is sufficient to put him on notice of Ameriquest's purported interest. Specifically, the Trustee argues that the DOT does not provide notice of Ameriquest's interest because it contains a defective legal description, and the Affidavit fails to correct that defect for notice purposes because it wasn't indexed in the "grantor-grantee" index maintained by the Recorder of Deeds.

Because the Court finds that the Affidavit did, in fact, correct the defective legal description in the DOT and therefore provide notice of Ameriquest's interest in the Real Property, the Court does not need to address whether the defective DOT, standing alone, would provide notice to the Trustee sufficient to defeat his rights under § 544, although the Court notes that the defective DOT was properly indexed in the grantor-grantee index and would have provided at least some notice that Ameriquest claimed an interest in the only real property the Debtor owned.

"In Missouri a purchaser is charged with constructive notice of everything in prior recorded deeds, which go to make up the chain of title under which he holds."[12] "Chain of title is defined as '[s]uccessive conveyances or other forms of alienation affecting a particular parcel of land, arranged consecutively from the government or original source of title down to the present holder.' While a purchaser is bound with constructive notice of all recorded instruments lying within his chain of title, a deed or instrument lying outside his chain of title imparts no notice to him."[13]

Missouri Revised Statute § 59.440 directs county recorders to record deeds under an alphabetical listing of the names of grantors and grantees.[14] The Trustee, relying on *In re Iowa-Missouri Realty*, contends that this statutory directive to maintain a "grantor-grantee index" means that a filing not appearing in that index falls outside of the chain of title and is thus insufficient to

---

[12] *In re Iowa-Missouri Realty Co., Inc.,* 86 B.R. 617, 620 (Bankr. W. D. Mo. 1988) (See, J.).

[13] *Iowa-Missouri Realty*, 86 B.R. at 620 (internal citations omitted).

[14] Mo. Rev. Stat. § 59.440.

impart constructive notice to a hypothetical bona fide purchaser.[15]  Applying that rule to this case, the Trustee argues that the Affidavit falls outside of the chain of title because it does not appear in the grantor-grantee index; it appears only in the tract index.

Ameriquest urges this Court to reject the holding of *In re Iowa-Missouri Realty*, decided by this Court in 1988, to find that records appearing in a tract index, such as the Affidavit, do not fall outside of the chain of title.

Fortunately, the Court does not need to revisit *In re Iowa-Missouri Realty* because the failure of the Affidavit to appear in the grantor-grantee index is irrelevant under the particular circumstances of this case, which are that the Affidavit contains all of the correct information, properly identifying the instrument being corrected, the proper legal description, and the grantor and grantee, and its failure to appear in the grantor-grantee index is the result of an indexing error, not a deficiency in the instrument.  Under Missouri law an indexing error does not deprive a recorded instrument from providing effective notice of an interest in land.[16]  In *Bishop v. Schneider*,[17] the Missouri Supreme Court held that the record of a deed imparts notice to subsequent purchasers even if it is not indexed in accordance with § 59.440.  Similarly, an improperly indexed chattel mortgage has been held not to affect the validity of the mortgage.[18]  Therefore, the Court finds that the Affidavit is, indeed, within the chain of title for the Debtor's property and, therefore, imparts constructive notice to the Trustee of Ameriquest's interest in the Real Property.

## CONCLUSION

For the reasons stated above, the Court finds that Ameriquest's DOT, when taken together with the Affidavit of Correction, is valid and provides effective notice of Ameriquest's interest in the Debtor's Real Property.  Therefore it is

**ORDERED** that the relief sought in the Trustee's Complaint is hereby DENIED.  It is

---

[15] *Iowa-Missouri Realty*, 86 B.R. at 621.

[16] See *Bishop v. Schneider* 46 Mo. 472 (Mo. 1870); *Emerson-Brantingham Implement Co. v. Rogers,* 216 S.W. 994 (Mo. Ct. App. 1919).

[17] *Bishop v. Schneider* 46 Mo. at *4-5.

[18] *Emerson-Brantingham Implement Co.,* 216 S.W. at 996.

**FURTHER ORDERED** that Ameriquest's interest in the Debtor's Real Property is hereby determined to be valid and not subject to avoidance under 11 U.S.C. § 544.

**SO ORDERED** this 27th day of April 2007.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Bruce E. Strauss
Phyllis Schauffler